Dewayne Andrae SPENCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0104–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 19, 1984.

Discretionary Review Refused
June 13, 1984.

Jimmy James, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before COHEN, JACK SMITH and BULLOCK, JJ.

## OPINION

COHEN, Justice.

The appellant was convicted on a guilty plea of aggravated rape and sentenced by the court to 50 years incarceration. In his sole ground of error, the appellant alleges that the trial court erred in accepting his plea of guilty, since it was not free and voluntary, as it was based on ineffective assistance of counsel.

After the appellant pleaded guilty, the trial court admonished him and accepted his plea. The State put on its evidence, and the appellant's counsel requested the opportunity to put on evidence to support a motion for probation. The request was temporarily denied, and the court found the appellant guilty of aggravated rape and found that the offense involved the use of a firearm. The court then allowed the appellant to testify that he had never before been convicted of a felony or been on probation. The sentencing hearing was then set off for three months, pending a pre-sentence investigation.

The appellant argues that his trial counsel mistakenly believed that probation was available from the trial court, and that counsel misinformed him. Under the provisions of Tex.Code Crim.Proc.Ann. art. 42.12, § 3f(a)(1)(C) (Vernon 1979), a judge may not grant probation to a defendant convicted of aggravated rape. Only a jury may do so, and a jury was waived in this case. The appellant argues that the court should have admonished him that probation was not available once his counsel mentioned probation. Absent such a warning, the appellant claims that the voluntary and knowing character of his guilty plea was suspect, since he was misled by his counsel to believe probation was available.

Until the court found the appellant guilty, it could have deferred the adjudication of guilt and placed the appellant on probation pursuant to Tex.Code Crim.Proc. Ann. art. 42.12, § 3d(a) (Vernon Supp.1982–1983). Although appellant's motion for probation does not specifically mention deferred adjudication, the record does not show that the defense attorney did other than attempt to obtain deferred adjudication at a time when it was still available, i.e., before the judge found the appellant guilty. It does not show that defense counsel ever told the appellant that probation was available after a finding of guilt had been made.

Once the appellant was adjudged guilty, no form of probation was available from the court. It would have been the better practice for the court to have informed appellant at that point that probation was not available; however, failure to do so was not reversible error based on the facts of this case. Defense counsel did not ask for probation at any time after the adjudication of guilt had occurred, and there is no indication that counsel then believed or incorrectly informed the appellant that probation was still available. Counsel's questions merely informed the court of the appellant's lack of a prior felony record, an important factor in his favor. Then the trial recessed for approximately three months for a presentence investigation.

Several weeks later, prior to the punishment hearing, the appellant filed a pro se motion to withdraw his guilty plea, claiming that the plea was entered upon the "eroneous advise of inaffection and inadequate counsel" (sic), and that it was based on "misinformation and ineffective assistance of counsel." The motion did not mention probation or deferred adjudication, nor did it allege that the appellant had been advised he could receive either. The motion was denied without a hearing.

The appellant argues that the trial court was required to hold a hearing to inquire into the voluntariness of his plea upon receiving his pro se motion. However, at the punishment hearing, the appellant testified on direct examination as follows:

Q You are the same Mr. Spencer who came here and plead guilty back in September; are you not?

A Yes, I am.

Q Are you guilty of this offense?

A Yes, I am.

Q The last time we had a setting in court, you filed a motion with the Court asking to withdraw your guilty plea. Do you recall that?

A Yes, ma'am, I do.

Q What do you want to tell the Judge about that now?

A Well, I was just afraid. I didn't know what was going on. *I didn't really mean to withdraw my plea.* I know I was there. I done the crime. I was in it.

Q Are you ready at this time to stand in front of the judge and take the punishment that he assesses?

A Yes, ma'am. (emphasis supplied)

No one mentioned probation or deferred adjudication at the punishment hearing. The appellant said nothing about being misled regarding probation, despite ample opportunity to complain.

■ A trial court is required, on a plea of guilty, to admonish the defendant as to the consequences of his plea. Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon Supp. 1982–1983). Reversal is required if a judge tells a defendant who is ineligible for probation that he will be considered for probation. *Ramirez v. State*, 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no pet.)

This case is distinguishable from *Ramirez*, because in that case the judge incorrectly told the defendant that he could receive probation. Here, the judge made no such misstatement of the range of punishment.

The instant case is also distinguishable from *Murphy v. State*, 663 S.W.2d 604 (Tex.App.—Houston [1st Dist.] 1983), because in that case the attorney argued for deferred adjudication *after* the adjudication of guilt had occurred, giving support in the record to the defendant's testimony that the attorney had privately misstated the range of punishment. Here, by contrast, the appellant could have received a probation by deferred adjudication at the one and only time his counsel urged it, which was *before* an adjudication of guilt had occurred.

■ We decline to hold that the guilty plea was involuntary because it resulted from ineffective assistance of counsel, specifically, bad advice regarding eligibility for probation, where such allegations are not well-founded in the record and are based solely on speculation arising from two

questions asked by defense counsel. Nowhere in this record does the appellant claim that his attorney misstated the range of punishment and that he relied on such advice. Nothing in this record could support such a claim, other than the two questions mentioned.

■ We urge judges to avoid problems like those in *Ramirez* and *Murphy, supra,* and the case at bar by informing defendants adjudicated guilty of the aggravated offenses of robbery, rape, kidnapping, sexual abuse, and of other felonies where an affirmative finding is made that a deadly weapon was used or exhibited, that they are not eligible to receive probation of any type, including deferred adjudication, from a judge.* We are aware that such a warning is not specifically mentioned in article 26.13, *supra,* and that failure to warn of ineligibility for probation is not reversible error. *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972). Still, the few extra moments required are a small price to pay to secure our constitutional goal that guilty pleas be knowingly made, and simultaneously to guarantee "the certain execution of the sentence of the law when declared." Tex.Code Crim.Proc.Ann. art. 1.03 (Vernon 1977).

The judgment of the trial court is affirmed.

Tex.Crim.App.R. 207.

* A jury may award probation to such offenders. Tex.Code Crim.Pro.Ann. art. 42.12, § 3a (Vernon Supp.1982–1983).