Stephone C. **POWERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–0301–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1987.

Discretionary Review Refused
June 10, 1987.

Bobbi L. Blackwell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Cathy Herasimchuk, Harris County Asst. Dist. Attys. Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

Following appellant's plea of guilty to the offense of aggravated robbery, the trial court found him guilty and assessed his punishment at 10 years confinement.

Appellant and two other men robbed a food market cashier at gunpoint. As they were leaving the store, the owner and security guard chased the other two, who escaped after an exchange of gun fire. The police pursued the appellant, who then ran onto a highway and was struck by an automobile.

Appellant contends by his first point of error that the trial court erred in failing to properly admonish him as to the range of punishment prior to accepting his guilty plea, in violation of Tex.Code Crim.P.Ann. art. 26.13 (Vernon Supp.1987). He complains that because he was ineligible to receive probation from the court for aggravated robbery under Tex.Code Crim.P.Ann. art. 42.12, sec. 3g(a)(1)(D) (Vernon Supp. 1987), the trial court should have admonished him of his ineligibility when the court became aware that he intended to request probation.

The trial court's admonishments included the following:

THE COURT: You understand a person found guilty of the felony offense of aggravated robbery, probably one of the worst crimes we have, is by punishment in the Texas Department of Corrections for a term of years not less than five nor more than 99 years or life and a possible fine of up to $10,000 may be assessed?

THE DEFENDANT: Yes sir.

Appellant's counsel then introduced evidence that appellant had never been convicted of a felony and had never previously received adult probation. Appellant had previously filed a sworn written application for adult probation.

The Court of Criminal Appeals of Texas has long held that the "range of punishment" that must be included under art. 26.13(a)(1) does not include probation. The general rule is that there is no mandatory duty for a trial judge to admonish a defendant as to his eligibility for probation before accepting a guilty plea. *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim. App.1986).

In some circumstances, however, a trial court may, under Tex.Code Crim.P.Ann. art. 26.13(a)(1), impose a duty upon itself to admonish a defendant accurately as to the availability of probation. In *Harrison v. State*, 688 S.W.2d 497 (Tex.Crim.App.1985), the appellant pled guilty to aggravated robbery, and the trial court erroneously admonished him that, within the court's discretion, he may or may not be accorded probation. The Court of Criminal Appeals held that while there was no duty to admonish as to the availability of probation, the trial court committed error in misstating the availability of probation. However, such error was not reversible error unless the appellant affirmatively showed that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. In *Harrison*, the defendant offered no evidence that he was expecting probation or that he was misled by the court's erroneous admonition.

Our review of the cases fails to disclose an instance in which the Texas Court of Criminal Appeals has reversed a conviction for lack of an admonishment as to appellant's ineligibility for probation when the court has offered no information regarding probation and the record is silent as to whether the appellant pled guilty in anticipation that he may received probation, even though it was apparent that appellant believed he was eligible. In the present case, the trial court correctly admonished the appellant as to the range of punishment in years and the fine that could be assessed, as required by art. 26.13(a)(1), and made no misstatement that probation was available. Appellant's first point of error is overruled.

■ Appellant's second point of error asserts that the trial court erred in finding that his guilty plea was knowingly and voluntarily made where the record showed that he timely filed a motion for probation for an offense for which probation is statutorily prohibited.

Tex.Code Crim.P.Ann. art. 42.12, sec. 3g(a)(1)(D) prohibits a trial court from granting a defendant probation for the offense of aggravated robbery.

Appellant urges that the record clearly reflects that he and his counsel were equally unaware that he was statutorily ineligible for probation, and that he relied on the court's incomplete admonishment, such that his plea could not have been knowingly and voluntarily made.

The record fails to support appellant's claim. Neither the appellant nor his attorney testified that they believed that appellant was eligible for probation, and that appellant entered his plea of guilty based on this belief. In *Spencer v. State*, 666 S.W.2d 578, 580 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd), this Court declined to hold that the guilty plea was involuntary as a result of ineffective assistance of counsel, i.e., erroneous advice regarding eligibility for probation, where such allegations were not well-founded in the record, but were based solely on speculation arising from two questions asked by defense counsel. Nowhere in the record in *Spencer* did that defendant claim that his attorney misstated the range of punishment, or that he relied on such advice. *Id.* In the present case, this Court can only speculate as to the advice appellant was given and

the assumptions he made. The record shows only that an application for adult probation was filed on appellant's behalf and that appellant's attorney asked appellant two questions: (1) whether he had ever been convicted of a felony; and (2) whether he had ever been admitted to probation. Appellant's second point of error is overruled.

In his third point of error, appellant claims that his conviction should be reversed because he received ineffective assistance of counsel in that his attorney failed to inform him of the proper range of punishment and misled him into believing that he was eligible for probation.

A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Shepherd v. State,* 673 S.W.2d 263, 267 (Tex.App.— Houston [1st Dist.] 1984, no pet.). Matters not presented in the record provide no basis upon which an appellate court may act.

■ The record before us is devoid of any evidence that the appellant was misled by his counsel. Appellant did not testify that his attorney advised him that he was eligible for probation; neither did defense counsel testify that he misled his client by erroneously informing him. All the record shows is that appellant chose to have the judge assess punishment rather than a jury, and that defense counsel filed appellant's motion for probation and offered evidence that appellant had not been convicted of a felony or been on probation. This Court stated in *Shepherd* that, "[w]e cannot presume the nature of an attorney's advice from the record of his conduct at trial without evidence to show that the trial strategy originated with the attorney and was not the result of acquiescence to the client's wishes." *Id.* As in *Shepherd,* there is no evidence before us showing either that appellant's attorney misinformed him regarding his eligibility for probation, or that the misinformation, if any, affected appellant's decision to plead guilty.

Appellant argues that in addition to misleading him into believing he was eligible for probation, his attorney asked the trial court for deferred adjudication at the punishment hearing, held some five months after the court had accepted appellant's guilty plea. Appellant contends that at the time appellant's attorney sought deferred adjudication, he was no longer eligible and was thereby harmed.

Tex.Code Crim.P.Ann. art. 42.12, sec. 3d(a) (Vernon Supp.1987) provides:

> Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.

"Judgment" is defined by Tex.Code Crim. P.Ann. art. 42.01, sec. 1 (Vernon Supp. 1987), as the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of defendant. Until the court finds the appellant guilty and enters the conviction, it can defer the adjudication of guilt and place the appellant on probation pursuant to art. 42.12 sec. 3d(a). *See West v. State,* 702 S.W.2d 629 (Tex.Crim.App.1986).

In *West v. State,* the court held that appellant was correctly advised by his attorney that he was eligible for deferred adjudication. *Id.* at 635. The judgment of the trial court was dated March 5, 1982, the day of the plea, but was signed and entered on April 12, 1982. The Court of Criminal Appeals held that the written judgment of conviction did not come into being until April 12, 1982, when it was signed by the trial judge and entered of record, and that the oral finding of guilt on March 5 did not divest the trial court of power thereafter to grant deferred adjudication. *Id.*

■ In the instant case, the judgment was stamped and dated March 14, 1986, the date of the punishment hearing. However, that date was crossed out, and October 9, 1985, the date of the guilt-innocence hearing, was inserted. The judgment was signed and entered on March 14, 1986. Thus, we are presented with a situation

similar to that in *West*. Since the written judgment of conviction, signed by the trial judge and entered of record, did not come into being until March 14, 1986, the court's oral finding of guilt did not divest the court of power to grant subsequent deferred adjudication. Appellant was correctly advised that he was eligible for deferred adjudication. Appellant's third point of error is overruled.

The judgment is affirmed.

LEVY, Justice, dissenting.

I respectfully dissent from the majority's treatment of appellant's first and second points of error.

The record reveals that appellant timely filed a sworn motion for probation for an offense that Tex.Code Crim.P.Ann. art. 42.-12, sec. 3g(a)(1)(D) (Vernon Supp.1987) exempts from eligibility for probation. He thereafter offered proof to support the motion, as follows:

[DEFENSE COUNSEL:] Have you ever been convicted in this state or any other state of the United States of a felony?

[THE DEFENDANT:] No, sir.

[DEFENSE COUNSEL:] Have you ever received probation in this state or any other state of the United States?

[THE DEFENDANT:] No, sir.

[DEFENSE COUNSEL:] In fact, you have never before been convicted of a misdemeanor other than traffic tickets?

[THE DEFENDANT:] That's about all.

This colloquy, customary and necessary to prove eligibility for a probated sentence, evinces clearly that appellant and his counsel both believed that a probated sentence was within the range of punishment attached to the offense. I cannot believe that the trial judge was unaware that both the appellant and his counsel were attempting to qualify the accused for probation. Assuming that this was true, it is difficult for me to understand why the judge did not take the 30 seconds necessary to advise the appellant that he was ineligible by law to be granted probation.

Judge Clinton's observations in his concurring opinion in *Ex parte Williams*, 704 S.W.2d 773, 778 (Tex.Crim.App.1986), seem altogether pertinent here:

[W]hen before trial begins an accused properly files a written sworn motion for probation and persists in pleading guilty or nolo contendere in order to have a jury assess punishment, or when an accused waives trial by jury in favor of a trial before the court, pleads guilty or nolo contendere and timely requests the judge of the trial court to place him on probation, before accepting either plea the judge must correctly admonish him whether in the circumstances of the case probation is, as a matter of law, really within the range of punishment attached to the offense.

The scenario described in Judge Clinton's observation occurred in the instant case. Before trial, appellant filed a written sworn motion for probation and pled guilty before the court, offered proof in support of his application for probation, and apparently *after* his plea was accepted, and the court imposed a 10–year sentence, was informed that he was not even qualified to receive probation. From his perspective, this must surely seem like unconscionable gamesmanship, with his future and liberty at stake—and trivialized. Courts should not allow themselves to be placed, or perceived to be placed, in such a questionable posture. Judicial passivity, under these circumstances, undermines confidence in the fairness of the judicial process and is wholly ineffectual.

Because the court failed to correctly admonish the appellant, his plea before the court could not be "knowing and voluntary," as I understand the concept. The fact that the court did give *other* required admonishments does not, as Judge Clinton observed, constitute substantial compliance with Tex.Code Crim.P.Ann. art. 26.13(a)(1) (Vernon Supp.1987), where the admonishment is relevant to the voluntariness of the plea.

I would sustain the first and second points of error, reverse the trial court's judgment, and remand for a new trial.