Small v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-205-CR

        KENNETH SMALL,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,709
                                                                                                    

O P I N I O N
                                                                                                    

          A jury convicted the appellant, Kenneth Small, of the aggravated assault of a corrections
officer and, pursuant to Texas' habitual offender statute, assessed punishment at 26 years'
incarceration in the Texas Department of Criminal Justice - Institutional Division. Tex. Penal
Code Ann. § 22.02(b) (Vernon 1994). Small, pro se, brings a single point of error on
appeal—that the assistance his trial counsel provided him was ineffective. We affirm.
          The nature of the assault was as follows: On February 13, 1994, Correctional Officers
Rocky Diserens and John Freeman were in charge of a particular section of the prison in which
Small was incarcerated. During the several hours preceding the incident, Small followed Officer
Diserens around, apparently waiting for an opportunity to assault him. Sometime during the day,
Small and other inmates from this section of the prison were recreating in a common area. When
their time for recreation expired, Officers Diserens and Freemen escorted the inmates back to their
cells. While Officer Diserens was following Small up some stairs, Small waited for Officer
Diserens' attention to be distracted and then he punched him in the face. Officer Diserens called
for assistance from Officer Freeman. Correctional Officer Robert Williams also witnessed Small
strike Officer Diserens, and he notified his superiors of the incident immediately after it occurred. 
Small's theory at trial was that he acted in self-defense.
          The right to effective counsel is a constitutional right protected by the Sixth and Fourteenth
Amendments to the United States Constitution. U.S. Const. amend. VI, XIV. The standard for
determining ineffectiveness of counsel was articulated by the United States Supreme Court in
Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). The Strickland
standard was adopted by the Court of Criminal Appeals in Hernandez v State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). A claimant "must prove by a preponderance of the evidence that
counsel's representation fell below the standard of prevailing professional norms, and that there
is a reasonable probability that but for counsel's deficiency the result of the trial would have been
different." McFarland v. State, No. 71,557, slip op. at 13 (Tex. Crim. App. February 21, 1996)
(citing McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992), cert. denied, — U.S.
—, 113 S.Ct. 2937 (1993)); see also Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064; Chambers
v. State, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995); Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Owens v. State, 916 S.W.2d 713, 716 (Tex. App.—Waco 1996, no pet.). 
A claimant must satisfy both prongs of this test in order to prove ineffective assistance of counsel.
          The following is an exhaustive list of the instances in which Small complains that his trial
counsel was ineffective:
(1) his counsel failed to obtain a videotape of a correctional officer, Lieutenant
Edmund Benoit, with blood on his knuckles, the appellant lying unconscious
nearby, and another correctional officer, David Vandiver, twisting the boots off of
the appellant;
 
(2) his counsel failed to present to the jury evidence of additional prior incidents
when Officer Diserens allegedly attacked the appellant;
 
(3) his counsel failed to discover certain log books that could have been used to
impeach Officer Diserens' testimony on his whereabouts during the several hours
prior to the incident;
 
(4) his counsel failed to use unspecified impeachment evidence against Officer
Diserens that Small allegedly possessed at trial;
 
(5) his counsel failed to discover Officer Diserens' employment records, which
allegedly show a history of Officer Diserens assaulting the appellant;
 
(6) Officer Williams' testimony differed from the statement he gave after the
incident;
 
(7) the State presented perjured testimony from Officer Diserens to obtain Small's
conviction; and
 
(8) the State refused to give copies of certain unspecified witness statements to him
prior to trial.

The appellant bears a burden when bringing an ineffective assistance of counsel claim of
demonstrating in the record that he received ineffective assistance. Chambers, 903 S.W.2d at 34;
Jackson, 877 S.W.2d at 771-72; Johnson v. State, No. 02-95-097-CR, slip op. at 6 (Tex.
App.—Fort Worth, June 20, 1996, pet. filed); Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim.
App. 1987); Powers v. State, 727 S.W.2d 313, 316 (Tex. App.—Houston [1st Dist.] 1987, pet.
ref'd); see Tex. R. App. P. 50(d). Small has failed to bring before this court a record containing
the evidence necessary to support his eight alleged instances of ineffectiveness.


 We will
specifically identify how the record is deficient or how his argumentation was deficient in each one
of Small's claims: (1) the supposedly exculpatory videotape is not in the record; (2) other than
Officer Diserens' testimony about prior physical incidents he had with Small, there is no other
indication in the record that Officer Diserens ever attacked Small; (3) the log books are not in the
record; (4) the alleged impeachment evidence is not in the record; (5) Officer Diserens' work
history documents are not in the record; (6) the out-of-court statements in which Officer Williams
allegedly made inconsistent statements are not in the record; (7) there is no evidence in the record
that establishes that Officer Diserens' testimony was false in any regard; and (8) there is no
evidence in the record of any witness statements that were not disclosed to either Small or his
counsel before trial.


 Without this evidence in the record, this court has no way of evaluating
whether trial counsel was somehow remiss in not using the evidence at trial. Accordingly, we
must presume that trial counsel's representation fell within the wide range of reasonable
representation, McFarland, slip op. at 13, and therefore was "sound trial strategy." Strickland,
466 U.S. at 689, 104 S.Ct. at 2065.


 Small's point of error is overruled.



          The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 16, 1996
Do not publish