Affirmed and Opinion filed October 31, 2002















Affirmed and
Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00795-CR

____________

 

EDILBERTO RIVERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 869,606

 

_______________________________________________________

 

O P I N I O
N

            Appellant Edilberto
Rivera appeals his conviction for delivery of at least 400 grams of
cocaine.  Appellant argues his guilty
plea was involuntary because he made it under the mistaken belief that he would
be eligible for community supervision if he pleaded guilty.  Appellant argues ineffective assistance of
counsel because his lawyer was the alleged source of his mistaken belief.  We affirm the trial court’s judgment because
appellant failed to show his plea was involuntary and also failed to show
ineffective assistance of counsel.








                                 I.  FACTUAL aND
PROCEDURAL BACKGROUND

            Appellant, a nightclub employee, had
a pre-arranged meeting to sell cocaine to two undercover detectives.  Appellant had offered to sell one of the
detectives a kilogram of cocaine.  When
the detectives arrived at the nightclub, appellant assured them the supply
would arrive shortly.  Soon after, a
white car pulled up, and appellant introduced the driver as his supplier.  Eventually, the parties agreed to make the
exchange at the nightclub.  The driver
then left the nightclub to pick up the cocaine from a nearby residence.  The driver returned in a different car.  Upon leaving the car, the driver informed the
detectives that the cocaine was on the passenger’s side on the floorboard.  The detectives retrieved a brown paper bag
from the floorboard.  It contained a
square-shaped package wrapped in clear cellophane and gray tape.  The detectives gave the pre-arranged arrest
signal, and officers arrested appellant and the driver.  A field test revealed the substance in the
package was cocaine weighing 1,147.4 grams.

            Appellant was charged with actual
delivery of cocaine weighing at least 400 grams.  Appellant filed a motion requesting community
supervision[1] in
the event he was convicted and the assessed punishment was less than ten years’
confinement.  Approximately two months
later, the trial court admonished appellant as to the charge and the applicable
range of punishment.  Appellant signed
the admonishments and pleaded guilty without an agreement with the State as to
the recommended sentence.  The trial
court sentenced appellant to 30 years in prison and assessed a $10,000
fine.  Appellant filed a motion for new
trial arguing his plea was involuntary. 
The motion for new trial was overruled by operation of law without a
hearing.

 




II.  ANALYSIS and Discussion

                                     A.  Did appellant involuntarily plead guilty?  

            In his
first issue, appellant contends that his guilty plea was involuntary because he
allegedly made it under an erroneous belief that he would be eligible for
community supervision.  Appellant argues
that, because he asked for community supervision in accordance with section 3
of article 42.12 of the Texas Code of Criminal Procedure, and because community
supervision was not a possible punishment for delivering more than 400 grams of
cocaine, he must not have understood the consequences of his guilty plea.  Community supervision under section 3 was
unavailable to appellant because the minimum prison term for appellant’s
offense was fifteen years, and section 3 does not apply when a defendant is
sentenced to a prison term that exceeds ten years.  See Tex. Health
& Safety Code § 481.112(f); Tex.
Code Crim. Proc. Ann. Art. 42.12 § 3 (Vernon
2002).

            Although appellant was ineligible
for judge-ordered community supervision under section 3, he remained eligible
for deferred-adjudication community supervision under section 5, even after he
pleaded guilty to delivering at least 400 grams of cocaine.  See  Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(a)
(Vernon 2002); Cabezas v. State, 848 S.W.2d 693, 693–95 (Tex. Crim. App.
1993) (defendant convicted of delivering more than 400 grams of cocaine was
eligible for deferred-adjudication probation even though minimum term for
punishment was confinement for 15 years). 
Regardless of the section under which appellant allegedly believed he
was eligible for community supervision, this court must assess the voluntariness of his guilty plea.

            To determine the voluntariness
of appellant’s guilty plea, we must examine the record as a whole.  See
Cantu v. State, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d).  A
trial court’s admonishment of a criminal defendant, under article 26.13 of the
Texas Code of Criminal Procedure, before accepting a guilty plea, constitutes
prima facie evidence that appellant’s plea was knowing and voluntary.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  Accordingly, when the admonishments
are given, the burden shifts to the defendant to prove he did not understand
the consequences of his plea.  Id.

            A defendant’s guilty plea has been
found to be voluntary despite a record showing that he timely filed a motion
for probation for an offense for which judge-ordered probation was not
available under section 3 of article 42.12. 
See Powers v. State, 727
S.W.2d 313, 315–16 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d).  In Powers, the defendant had been
admonished under article 26.13 of the Code of Criminal Procedure and there was
no evidence in the record to support the defendant’s claim that he did not
understand the range of punishment for the charged offense (aggravated
robbery).  Id.  The Powers court found the appellant’s
showing that his lawyer had asked him on the record whether he had been
convicted of a felony and whether he had ever been admitted to probation to be
inconsequential.  Id.  Nothing in the record indicated the advice
the defendant received from his lawyer or the assumptions the defendant made,
and the court declined to speculate on these matters.  Id.  

            As in Powers, the evidence in the record before us is insufficient to
show the advice appellant received from his lawyer or to rebut the presumption
that appellant’s plea was voluntary. 
Appellant signed and initialed written admonishments which comport with
the requirements of article 26.13 of the Code of Criminal Procedure.  These admonishments state that appellant’s
plea was voluntarily and knowingly entered.[2]  As in Powers,
the filing of an arguably erroneous motion for probation alone does not carry
appellant’s burden to prove involuntariness when the record does not show the
advice he received from his lawyer or that appellant actually misunderstood the
range of punishment at the time he entered his plea.  Appellant’s request for probation,
approximately two months before he entered his plea, does not establish that he
believed he was eligible for probation or that he relied on that belief in
entering his guilty plea. 

            At a post-conviction abatement
hearing on whether appellant intended to pursue this appeal, the following
exchange occurred:

The Court: Is there anything you want the court to know about
your appeal?

[Appellant:] The previous attorney didn’t do anything.  He made me fill out some paperwork promising
me that I was going to get probation.

                        . . . 

[Appellant:] . . . We have family here and what I wanted the
most was to get probation . . . .

                                                            

Like
the testimony in Powers, this testimony is inconsequential to
the determination of voluntariness.  A plea of guilty is a matter of trial
strategy, and a plea is not rendered involuntary because the resulting sentence
is greater than expected.  Enard v. State, 764 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1989, no
pet.).  Appellant’s self-serving
statements made at an ancillary, post-conviction hearing are insufficient to
overcome the presumption that his plea was voluntary.  There is no other competent evidence in the
record to support appellant’s claim regarding his attorney’s advice or his
understanding of the significance of pleading guilty.  Without his trial attorney’s testimony or
affidavit, appellant lacks competent proof to support his claim.  See
id. at 576.  Accordingly, we overrule
appellant’s first issue.

                                     B.  Was appellant’s trial counsel ineffective?

            In his
second issue, appellant asserts that he was denied effective assistance of
counsel because his trial counsel erroneously advised him he was eligible for
community supervision.

            Both the United
 States and the Texas Constitutions
guarantee an accused the right to assistance of counsel.  U. S.
Const. amend. VI; Tex. Const.
art. I, §10; Tex. Code Crim. Proc. art. 1.05.  This right necessarily includes the right to
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686,
104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of counsel,
appellant must show (1) that trial counsel’s representation fell below an
objective standard of reasonableness under prevailing professional norms; and
(2) that there is a “reasonable probability” the result of the proceeding would
have been different but for trial counsel’s unprofessional errors.  Strickland,
466 U.S. at
688–94.  Appellant must establish both
points by a preponderance of the evidence to show ineffective assistance of
counsel.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

            In assessing appellant’s claims, we
apply a strong presumption that trial counsel was competent.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume counsel’s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Appellant has the burden to rebut this presumption by presenting
evidence that shows why trial counsel did what he did.  See id.  Evidence of counsel’s strategy is necessary
to enable us to determine whether counsel’s trial strategy conformed to
objective professional standards.  An
appellant cannot meet this burden if the record does not specifically focus on
the reasons for trial counsel’s conduct. 
Osorio v. State, 994 S.W.2d
249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  This court will not speculate in the face of
a silent record as to the reasons behind trial counsel’s actions.  See Jackson, 877
S.W.2d at 771.

            The record contains no evidence of
the reasoning and strategy underlying appellant’s trial counsel’s actions.  The only evidence appellant presents to
support his claim is that his lawyer filed the motion for community supervision
in accordance with section 3 of article 42.12 of the Texas Code of Criminal
Procedure, even though the minimum prison term for delivery of 400 grams or
more of cocaine is fifteen years.  See Tex. Health & Safety Code  § 481.112(f). 
This fact, standing alone, does not constitute any evidence of strategy
from which this court could determine whether trial counsel’s performance fell
below an objective standard of reasonableness. 
See Enard, 764 S.W.2d at 576.

            When there is no proper evidentiary
record developed at a hearing on a motion for new trial, it is extremely
difficult to show that trial counsel’s performance was deficient.  See
Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d). 
Without testimony from a hearing, an affidavit from trial counsel
becomes almost vital to the success of an ineffective-assistance claim.  Howard
v. State, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref’d).  Because
there was no hearing on appellant’s motion for new trial, counsel’s alleged
ineffectiveness is not firmly established in the record.  See
Thompson, 9 S.W.3d at 813–14.  The
record is silent as to the reasoning and strategy behind trial counsel’s
actions.  

            Appellant was not eligible for
community supervision under section 3; however, as noted above, he was eligible
for community supervision under section 5. 
See Tex. Code Crim. Proc. Ann. art.
42.12 §§ 3, 5; Cabezas,
848 S.W.2d at 693–95.  At a hearing to
determine whether he still wanted to pursue this appeal, appellant claimed that
his trial counsel had assured him he would get probation.  Appellant did not state under which section
the assurances were allegedly made.  In
any event, this statement is not competent proof of trial counsel’s trial
strategy.  See Enard, 764 S.W.2d at 575–76.  

            Appellant has failed to satisfy the
first prong of the Strickland test
because he has not demonstrated in the record that trial counsel rendered
ineffective assistance.  See Thompson, 9 S.W.3d at 814.  Accordingly, we overrule appellant’s second
issue.

 

                                                            III. 
Conclusion

            Appellant has failed to prove that
his guilty plea was involuntary.  He has
also failed to show that he received ineffective assistance of counsel.  Because the trial court provided appellant
with the proper admonishments, appellant had the burden of presenting evidence
that showed he did not understand the consequences of his plea.  Appellant failed to satisfy this burden and
thus has failed to show that his plea was involuntary.  Likewise, appellant failed to present
competent evidence of trial counsel’s strategy to rebut the presumption that
trial counsel acted competently.  Therefore,
we overrule appellant’s issues and affirm the trial court’s judgment.  

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed October
 31, 2002.

Panel
consists of Justices Yates, Anderson, and Frost.

Do
Not Publish — Tex. R. App. P.
47.3(b).

 











            [1]  In this opinion we use the terms “community
supervision” and “probation” interchangeably. 
See Speth
v. State, 6 S.W.3d 530, 532 n.3 (Tex. Crim. App.
1999).





            [2]  Appellant had the opportunity to be orally
admonished and to have a court reporter record his plea.  Appellant waived these rights in writing.