Affirmed and Memorandum Opinion filed September 1, 2005









Affirmed and Memorandum Opinion filed September 1,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00235-CR

NO.
14-05-00236-CR

____________

 

QUINTON JAMOND
HAYNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th District
Court

Harris County,
Texas

Trial Court Cause Nos.
970,848 & 970,849

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered guilty pleas to two
aggravated robbery offenses.  On March 1,
2005, the trial court sentenced appellant to confinement for forty years in the
Institutional Division of the Texas Department of Criminal Justice in each
case, with the sentences to be served concurrently.  Appellant filed a pro se notice of appeal in
each case.








Appellant=s appointed
counsel filed briefs in which he concludes these appeals are wholly frivolous
and without merit.  The briefs meet the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396
(1967), presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. 
See High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Copies of counsel=s briefs were
delivered to appellant.  Appellant was
advised of the right to examine the appellate records and file a pro se
response in each case.  See Stafford
v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  On July 25, 2005, appellant filed his pro se
response in each case.  

In his responsive briefing, appellant
asserts that his guilty pleas were involuntary and he was denied effective
assistance of counsel.  Specifically, he
complains that his counsel did not accurately advise him about the consequences
of his guilty pleas, counsel should have told him the judge could not grant
probation, and counsel failed to object to evidence of extraneous offenses at
the presentence investigation hearing.

Proper admonishments by the trial court
create a prima facie showing that a guilty plea was entered knowingly and
voluntarily.  Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 
When the record reflects that appellant was duly admonished, as here,
appellant has the burden to demonstrate that he did not fully understand the
consequences of his plea and that he suffered harm.  See id.  In these cases, no motion for new trial was
filed.  Without a record from a hearing
on a motion for new trial, there is no record to support appellant=s
contentions.  Furthermore, it appears
from appellant=s contentions in his responsive brief that
his counsel correctly advised appellant that he could receive community
supervision through deferred adjudication for the offenses.  See Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(d) (Vernon
Supp. 2004).  








To be entitled to a new trial based on
ineffective assistance, an appellant must show that (1) counsel's performance
was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment, and that (2) there is a reasonable probability that, but for
counsel's error, the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 2064 (1984); Hernandez v. State, 726 S.W.2d
53, 55‑56 (Tex. Crim. App. 1986). 
The defendant bears the burden to prove ineffective assistance of
counsel.  Strickland, 466 U.S. at
687, 104 S.Ct. at 2064.  A claim of
ineffective assistance of counsel must be firmly supported in the record.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996).  We will not
speculate concerning appellant=s trial attorney=s reasons for
filing the motion for community supervision and the discussions between
appellant and his attorney.  See
Powers v. State, 727 S.W.2d 313, 315‑16 (Tex. App.CHouston [1st
Dist.] 1987, pet. ref=d). 
The record before
this court does not support appellant=s claims.  Appellant=s first two issues are without merit.

In his third issue, appellant complains counsel failed to
object to evidence of other offenses at his sentencing hearing.  He contends that he did not actively participate
in any of the numerous other robberies with which he is charged.  An allegation that information in the
presentence investigative report is factually inaccurate does not render the
report inadmissible at sentencing; and the defendant bears the burden of
proving that the information was materially inaccurate.  Stancliff v. State, 852 S.W.2d 639,
641 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 
Appellant has not met that burden and cannot establish his counsel was
remiss in failing to object.  Appellant=s third issue is without merit.

We have carefully reviewed the records, counsel=s briefs, and appellant=s response, and agree the appeals are
wholly frivolous and without merit. 
Further, we find no reversible error in the records.  A discussion of the briefs would add nothing
to the jurisprudence of the state.

Accordingly, the judgments of the trial court are affirmed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed September 1, 2005.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson. 

Do Not Publish C Tex. R. App. P. 47.2(b).