NO. 07-06-0404-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 8, 2007



______________________________




DANIEL DOMINIQUE JAQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 53,032-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, Appellant, Daniel Dominique Jaquez, was convicted 
by a jury of burglary of a habitation. Punishment was assessed at sixty years confinement. 
The clerk's record and reporter's record have both been filed. Initially, Appellant's brief
was due on December 6, 2006. Following a notice dated December 20, 2006, from the
Clerk of this Court, advising Appellant's counsel, Joe Marr Wilson, that Appellant's brief
had not been filed, counsel requested, and was granted, an extension of time in which to
file the brief to January 31, 2007. The brief was not filed and a second notice from the
Clerk of this Court dated February 9, 2007, notified counsel that unless the brief was filed
by February 20, 2007, this appeal would be abated and the cause remanded to the trial
court for further proceedings. Counsel has not responded to that notice nor has the brief
been filed.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall utilize whatever means necessary to make
appropriate findings and recommendations concerning the following: 

 1. whether Appellant desires to prosecute this appeal;

 2. why Appellant's counsel, Joe Marr Wilson, has failed to file a brief; 

 3. whether Appellant has been denied effective assistance of counsel;


 whether Appellant's counsel, Joe Marr Wilson, should be removed; and
 whether Appellant is indigent and entitled to court-appointed counsel.



 Should the trial court determine that Appellant does want to continue the appeal,
that present counsel should be removed, and that Appellant is indigent and entitled to
court-appointed counsel, the trial court shall appoint new counsel to represent Appellant
in this appeal. If new counsel is appointed, the name, address, telephone number, and
state bar number of said counsel shall be included in an order appointing counsel. 

 The trial court shall cause its finding and recommendations, together with any orders
it may enter regarding the aforementioned issues, to be included in a supplemental clerk's
record. Furthermore, the trial court shall cause a supplemental reporter's record of any
proceedings to be prepared. The supplemental clerk's record and supplemental reporter's
record, if any, shall be filed with the Clerk of this Court on or before Monday, April 16,
2007. 

 It is so ordered.


 Per Curiam

Do not publish.

 

 




sed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0332-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                  JUNE
8, 2010

                                            ______________________________

 

                                                          ELISEO RIVERA, JR., 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                         THE STATE OF TEXAS 

 

                                                                                                            Appellee

                                           _______________________________

 

                  FROM THE 222ND DISTRICT COURT
OF DEAF SMITH COUNTY;

 

                             NO.  CR-09E-061; HON. ROLAND SAUL, PRESIDING

                                           _______________________________

 

Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Appellant, Eliseo
Rivera, Jr. appeals his conviction for Felony Evading Arrest or Detention.  Through a single issue, appellant contends he
received ineffective assistance of counsel at trial.  We affirm.

Background

            The police dispatch received a call of
a possible abduction at a convenience store. 
Upon arrival at the store, the police attempted to stop appellant as he
was driving away.   Appellant drove off and a chase ensued.   Eventually, the police were able to arrest
appellant for evading detention.  A jury
trial was had and appellant was convicted of the charged offense.  He filed a motion for new trial which was
amended to include a claim for ineffective assistance of counsel.  The trial court ordered that affidavits be
filed from both sides addressing the following issues:  1) whether trial counsel was prepared for the
trial occurring on September 28, 2009, 2) whether counsel properly investigated
the facts, legal issues, and possible defenses involved in the case, 3) whether
counsel was able to communicate effectively with defendant concerning the law
and the legal process, 4) whether counsel was able to communicate effectively
with the defendant prior to the defendants decision to testify in the
punishment phase of the trial, 5) whether defendants decision to testify was
made intelligently, knowingly, and freely, 6) whether counsel explained to
defendant the States request to strike surplus language from the deadly weapon
allegation, and 7) whether counsels decision of whom to subpoena was based on
trial strategy.  Furthermore, the trial
court made the finding that live testimony was not necessary.  Appellant, appellants wife and trial counsel
filed affidavits in response to the trial courts order.  The motion was overruled by operation of
law.  Appellant, now, appeals the denial
of his motion for new trial claiming his counsel was ineffective.

Standard
of Review

As the record discloses, the
trial court had an opportunity via a motion for new trial to consider
appellants claim for ineffective assistance of counsel.  Even though the evidence was not through live
testimony, the trial court determined the issues to be decided in concluding
whether counsel was ineffective and received evidence of same.  So, because appellant is effectively asking
us to review the trial courts decision viz
that motion, we recognize that the standard of review is one of abused
discretion.  Holden v. State, 201
S.W.3d 761, 763 (Tex. Crim. App. 2006) (stating that an appellate court reviews
the trial courts decision to deny a new trial under the standard of abused
discretion).  This in turn means that to
the extent the decision rests on such matters as the resolution of conflicts
within the evidence, the development of reasonable inferences of fact from the
evidence presented, and the consideration of a witness credibility, we are not
without limitations.  Indeed, authority
obligates us to defer to the manner in which the trial court resolved those
conflicts or found a witness testimony credible.  Id. 
Nor are we able to supplant our views for those of the trial court, so
long as its decision finds support in the record.  

            Simply put, if the tenor of the
evidence before the trial court would allow reasonable minds to disagree as to
the ultimate facts, then the trial courts decision fell within that zone of
reasonable disagreement.  If it did that,
then it did not abuse its discretion in denying appellant a new trial.  Appellant had to show not only that trial
counsel erred but also that the errors caused him to suffer prejudice.  Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   

Analysis

            Appellant contends that he received
ineffective assistance of counsel because counsel failed to 1) call []
character witnesses, 2) advise him that he had no legal defenses to the use
or exhibit a deadly weapon enhancement in the indictment  and 3) for not showing Appellant a
copy of the evading arrest video and the recorded threatening voice
message.  We disagree.

            Specifically, in regards to his second
complaint, appellant argues that [g]iven the state
of the law at the time of Appellants trial, it was incumbent upon trial
counsel to advise his client, that under the facts of his case Appellant had no
legal defenses.  Appellant relies on
trial counsels portion of his affidavit wherein he states that appellants
decision to plead not guilty was based on appellants belief that the State
could not prove the allegation of use or exhibition of a deadly weapon.  We do not find trial counsels statement to
mean he failed to advise appellant that there were no defenses to the deadly
weapon finding, only that appellant chose to plead not
guilty because he believed that it could not be proved by the State.  See
Powers v. State, 727 S.W.2d 313, 315 (Tex. App.Houston
[1st Dist.] 1987, pet. refd) (where
record is devoid of any evidence that appellant was misled by his counsel, no
basis exists upon which an appellate court may act).  Furthermore, counsels affidavit includes the
following:  [appellants] decision to
plead guilty was his decision.  It was
made after a careful and complete review of the options open to [him].  

Next,
appellants attack regarding the deadly weapon finding concerns counsels
failure to allow appellant to view the video tape of the chase from the police
car and to listen to a taped message wherein appellant had threatened Maria
Leal.  Specifically, appellant contends
that he did not review the video tape of the evading arrest charge, so how
could he have made an intelligent decision to plea [sic] not guilty to the
deadly weapon allegation?  He makes the
same argument regarding the recorded voice message.  However, in trial counsels affidavit, counsel
states that he reviewed the taped video of the police chase and the recorded
telephone message to Leal.  He further
stated that after his investigation of the facts, he reviewed his findings with
appellant and was advised by appellant to seek a probation offer.  The State was contacted and refused a
probation offer or to drop the deadly weapon portion of the indictment.  Additionally, appellant has failed to cite us
to any authority wherein trial counsel is required to make arrangements for the
defendant to view and/or listen to electronically recorded evidence.  Appellant has failed to show how counsel was
deficient in not allowing him to review evidence that counsel had seen and
advised him about.  

            Lastly, appellant contends that
counsel was ineffective for failing to call character witnesses during the
punishment phase of trial.  Appellant
contends that during punishment he was presented to the jury as being a
monster, a criminal, a drug dealer.  He
continues by saying that had trial counsel called character witnesses, a jury
may have found that he had some social redeeming value when he was not selling
drugs or threatening people and Appellants punishment may have been lower.  Nor, according to appellant, is there evidence
that trial counsel even interviewed Appellants character witnesses.  With regard to the latter, we note that
appellant had the burden to prove his counsel was ineffective.  Easily v. State, 248 S.W.3d 272, 278 (Tex. App.Houston
[1st Dist.] 2007, no pet.). 
So, it was incumbent upon him to proffer evidence that counsel did not
do what he should have done.  Counsel was
not required to prove that he did.  Nor
is it enough to simply say that counsel should have called witnesses favorable
to him.  Rather, he also had to
illustrate to what they would have testified and how it would have benefitted
him.  Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim.
App. 2004).  Without him doing
that, it cannot be said that he established the element of prejudice.

            As for the former proposition, we
have difficulty finding that whether to use such witnesses fell outside the
zone of reasonable trial strategy.  Trial
counsel can legitimately consider the impact an argument would have on jurors
in assessing whether to proffer it. 
Doing that which may be considered laughable, silly, unintelligent or
insulting need not be done for counsel to be effective, and deciding whether to
tender witnesses willing to say that appellant can be a good guy when he is not
selling drugs and assaulting people seems to fall within that realm.     

            In sum, we overrule each issue,
conclude that the trial court did not abuse its discretion by allowing the
motion for new trial to be overruled by operation of law, and affirm the
judgment.

 

                                                                                    Per
Curiam

 

Publish.