IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00016-CV

 

Bosque Trading Enterprises, Inc., 

Nazina Mawji and Kamal mawji,

                                                                                    Appellants

 v.

 

Business Loan Center, LLC. and 

Stewart Title Guaranty Company,

                                                                                    Appellees

 

 



From the 220th District
Court

Bosque County, Texas

Trial Court No. 09-09-22409

 



ORDER OF REFERRAL TO MEDIATION










 

            Appellants Bosque Trading
Enterprises, Inc., Nazina Mawji, and Kamal Mawji, note in their docketing
statement that they are unopposed to this appeal being mediated.

            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (West 2005).  The
policy behind ADR is stated in the statute: “It is the policy of this state to encourage
the peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(West 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (West 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to
confer and attempt to agree upon a mediator.  Within fourteen days after the
date of this Order, Appellant is ordered to file a notice with the Clerk of
this Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within
thirty days after the date the above-referenced notice agreeing to a mediator
is filed or, if no mediator is agreed upon, within thirty days after the date
of the order assigning a mediator.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and each corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
the parties must each pay one-half of the agreed-upon fee directly to the
mediator.

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived. 

            We refer this appeal to
mediation.  

            The appeal and all appellate
deadlines are suspended as of the date of this Order.  The suspension of the
appeal is automatically lifted when the mediator’s report to the Court is
received.  If the matter is not resolved at mediation, any deadline that began to
run and had not expired by the date of this Order will begin anew as of the
date the mediator’s report to the Court is received.  Any document filed by a
party after the date of this Order and prior to the filing of the mediator’s
report will be deemed filed on the same day, but after, the mediator’s report
is received.

 

PER
CURIAM

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
referred to mediation

Order
issued and filed February 9, 2011






 counsel was articulated by the United States Supreme Court in
Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). The Strickland
standard was adopted by the Court of Criminal Appeals in Hernandez v State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). A claimant "must prove by a preponderance of the evidence that
counsel's representation fell below the standard of prevailing professional norms, and that there
is a reasonable probability that but for counsel's deficiency the result of the trial would have been
different." McFarland v. State, No. 71,557, slip op. at 13 (Tex. Crim. App. February 21, 1996)
(citing McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992), cert. denied, — U.S.
—, 113 S.Ct. 2937 (1993)); see also Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064; Chambers
v. State, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995); Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Owens v. State, 916 S.W.2d 713, 716 (Tex. App.—Waco 1996, no pet.). 
A claimant must satisfy both prongs of this test in order to prove ineffective assistance of counsel.
          The following is an exhaustive list of the instances in which Small complains that his trial
counsel was ineffective:
(1) his counsel failed to obtain a videotape of a correctional officer, Lieutenant
Edmund Benoit, with blood on his knuckles, the appellant lying unconscious
nearby, and another correctional officer, David Vandiver, twisting the boots off of
the appellant;
 
(2) his counsel failed to present to the jury evidence of additional prior incidents
when Officer Diserens allegedly attacked the appellant;
 
(3) his counsel failed to discover certain log books that could have been used to
impeach Officer Diserens' testimony on his whereabouts during the several hours
prior to the incident;
 
(4) his counsel failed to use unspecified impeachment evidence against Officer
Diserens that Small allegedly possessed at trial;
 
(5) his counsel failed to discover Officer Diserens' employment records, which
allegedly show a history of Officer Diserens assaulting the appellant;
 
(6) Officer Williams' testimony differed from the statement he gave after the
incident;
 
(7) the State presented perjured testimony from Officer Diserens to obtain Small's
conviction; and
 
(8) the State refused to give copies of certain unspecified witness statements to him
prior to trial.

The appellant bears a burden when bringing an ineffective assistance of counsel claim of
demonstrating in the record that he received ineffective assistance. Chambers, 903 S.W.2d at 34;
Jackson, 877 S.W.2d at 771-72; Johnson v. State, No. 02-95-097-CR, slip op. at 6 (Tex.
App.—Fort Worth, June 20, 1996, pet. filed); Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim.
App. 1987); Powers v. State, 727 S.W.2d 313, 316 (Tex. App.—Houston [1st Dist.] 1987, pet.
ref'd); see Tex. R. App. P. 50(d). Small has failed to bring before this court a record containing
the evidence necessary to support his eight alleged instances of ineffectiveness.


 We will
specifically identify how the record is deficient or how his argumentation was deficient in each one
of Small's claims: (1) the supposedly exculpatory videotape is not in the record; (2) other than
Officer Diserens' testimony about prior physical incidents he had with Small, there is no other
indication in the record that Officer Diserens ever attacked Small; (3) the log books are not in the
record; (4) the alleged impeachment evidence is not in the record; (5) Officer Diserens' work
history documents are not in the record; (6) the out-of-court statements in which Officer Williams
allegedly made inconsistent statements are not in the record; (7) there is no evidence in the record
that establishes that Officer Diserens' testimony was false in any regard; and (8) there is no
evidence in the record of any witness statements that were not disclosed to either Small or his
counsel before trial.


 Without this evidence in the record, this court has no way of evaluating
whether trial counsel was somehow remiss in not using the evidence at trial. Accordingly, we
must presume that trial counsel's representation fell within the wide range of reasonable
representation, McFarland, slip op. at 13, and therefore was "sound trial strategy." Strickland,
466 U.S. at 689, 104 S.Ct. at 2065.


 Small's point of error is overruled.



          The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 16, 1996
Do not publish