**Dexter Dimetric ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–00125–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1996.

Terry Collins, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION

HEDGES, Justice.

Appellant, Dexter Dimetric Anderson, was indicted for delivery, of 400 grams or more of cocaine. After appellant pled guilty without an agreement on the sentence with the State, the trial court sentenced him to 20 years in prison and a $500 fine. Appellant filed a motion for new trial arguing the plea was involuntary. After a hearing, the trial court denied the motion for new trial. On appeal, appellant argues in point of error one that his plea was involuntary because he did not know he could not receive deferred adjudication as a sentence, and he argues in point of error two that his trial counsel was ineffective. We affirm.

Delivery of 400 grams or more of cocaine is punishable by life in prison or imprisonment for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000. Tex.Health & Safety Code Ann. § 481.112(f) (Vernon 1996). When in the trial judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. Tex.Code Crim.Proc.Ann. art. 42.12 § 5(a) (Vernon 1996). This statute authorized the trial court to defer the adjudication of appellant's guilt and place him on community supervision although the range of punishment for the crime he was charged with committing was 15 to 99 years in prison and a fine not to exceed $250,000. *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex.Crim.App. 1993).

Appellant signed a form plea document called "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which was filed on June 22, 1995. The document had been changed in hand writing to say:

> I intend to enter a plea of guilty and be found guilty, and have the court assess my sentence without an agreed recommendation, after reviewing a pre-sentence investigation report.

Appellant signed another form document called "Admonishments" on the same day. The admonishment form was initialed by appellant where it said:

> I understand that if the Court grants me Deferred Adjudication ... on violation of any condition I may be arrested and detained as provided by law. I further understand that I am entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full

range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred.

On the same day appellant pled guilty, the trial court found him guilty and recessed the case so that a pre-sentence investigation could be conducted. On December 11, 1995, the trial court assessed the punishment of which appellant complains.

In point of error one, appellant argues that his stipulation of guilt precluded him from receiving deferred adjudication, and that because his trial counsel erroneously informed him that he was eligible for deferred adjudication, the plea was involuntary. In point of error two, appellant argues that his trial counsel was ineffective for informing him that he was eligible for deferred adjudication while simultaneously eliminating such a possibility with the stipulation of guilt.

■ The threshold question is whether appellant was ineligible to receive deferred adjudication because of the stipulation of guilt and the trial court's finding of guilt. The trial court did not lose authority to grant deferred adjudication at this time. *West v. State,* 702 S.W.2d 629, 634 (Tex.Crim.App. 1986). Because the trial court had authority to grant deferred adjudication at the sentencing hearing on December 11, 1995, appellant's plea was not based on erroneous advice. Accordingly, we overrule appellant's points of error one and two.

The judgment of the trial court is affirmed.