CRUZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-148-CR

RICHARD MORALES CRUZ, JR. APPELLANT

A/K/A RICHARD MORALES CRUZ

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Richard Morales Cruz, Jr. pleaded guilty to possession of a controlled substance, and he pleaded true to an enhancement paragraph.  After hearing punishment evidence, the trial court sentenced Appellant to thirteen years’ confinement.  Appellant raises one point.  We affirm. 

On April 9, 2002, the trial court admonished Appellant, and Appellant then made an open plea of guilty to possession of one to four grams of amphetamine, a controlled substance.
(footnote: 2)  Appellant waived the preparation of a PSI.  The court recessed the proceedings, released the venire panel, and later began the punishment phase.

The court stated, “I do accept -- the Court does accept the plea of guilty and the plea of true by Mr. Cruz that he has entered in this case, and the Court finds him guilty of the felony offense of possession of a controlled substance as alleged in the indictment.”  When the court asked if Appellant was ready to proceed on punishment, defense counsel asked, “We had actually -- we wanted to leave open the possibility of deferred however remote the Court might consider that.  Is that now part of the consideration -- [?]”  The court responded, “It is under consideration at the present time.”  The court then heard sentencing evidence and stated, “[T]he Court again finds you guilty of the felony offense of possession of a controlled substance . . . .  The Court assesses your punishment at [thirteen] years in the [TDCJ-ID].” 

In his sole point, Appellant complains that he should not have been convicted because his plea was accepted after he received misinformation from the court.  Specifically, Appellant contends that, based on the court’s original ruling, he was not entitled to deferred adjudication.  Consequently, Appellant argues that he and his attorney were under the mistaken belief that Appellant would be considered for deferred adjudication.  Appellant claims his plea was induced by this mistaken belief.  We disagree.

We note that the court admonished Appellant, and he voluntarily and unconditionally pleaded guilty 
before
 the alleged misinformation from the court. Thus, any perceived misinformation could not have induced his plea of guilty.  Further, even though the court stated that it was finding Appellant guilty, it had not entered a written judgment, so it could still consider deferred adjudication. 
See
 Tex. Code Crim. Proc. Ann.
 art. 42.01 § 1 (Vernon Supp. 2003);
(footnote: 3) 
Id
. art. 42.12 § 5 (Vernon Supp. 2003);
(footnote: 4) 
Anderson v. State
, 937 S.W.2d 607, 609 (Tex. App.—Houston [1
st
 Dist.] 1996, no pet.) (holding the court had authority to grant deferred adjudication at the sentencing hearing after the defendant’s stipulation of guilt and the court’s finding of guilt during the plea hearing); 
Powers v. State
, 727 S.W.2d 313, 316-17 (Tex. App.—Houston [1
st
 Dist.] 1987, pet. ref’d) (“[T]he court’s oral finding of guilt did not divest the court of power to grant subsequent deferred adjudication.”); 
see also
 43A 
George E. Dix & Robert O. Dawson
, 
Texas Practice: Criminal Practice and Procedure
 § 39.52 (2001).
(footnote: 5)  We hold that the court’s oral finding of guilt did not divest the court of power to consider deferred adjudication.  
See Anderson
, 937 S.W.2d at 609; 
Powers
, 727 S.W.2d at 316-17.  Thus, Appellant’s guilty plea was not based on any misinformation from the court.  

We are not persuaded by Appellant’s attempt to distinguish this case from 
Anderson
 on the basis that in 
Anderson
 the plea was made and the sentence was assessed on separate days
.  
See Anderson
, 937 S.W.2d at 608-09; 
see also
 
Powers
, 727 S.W.2d at 316 (stating that punishment hearing was held five months after the court accepted appellant’s guilty plea).  This is a distinction without a difference.  Moreover, here, after Appellant pleaded guilty, he affirmatively waived the preparation of a PSI, which allowed the court to recess the proceedings and to proceed with sentencing on the same day.  We overrule Appellant’s sole point, and we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 5, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
After both sides announced ready, the court stated,

Let the record reflect prior to the jury being brought in for this case, I’ve been informed by Defense counsel that the Defendant desires to plead open to the Court; that is to enter a plea of guilty to the offense and to come to the Court for punishment.

Both Appellant and his lawyer agreed with this statement. 

3:
The code of criminal procedure states that “[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant.”  
Tex. Code Crim. Proc. Ann.
 art. 42.01 § 1.

4:
The code of criminal procedure provides:

Except as provided by Subsection (d) of this section, when in the judge’s opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant’s guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

Tex. Code Crim. Proc. Ann.
 art. 42.12 § 5.

5:
Professors Dix and Dawson state, “The trial court is empowered to receive a plea of guilty with substantiating evidence, orally find the defendant to be guilty of the offense to which he plead guilty, recess the proceedings for a [PSI], and at the recessed setting grant deferred adjudication community supervision.”  
43A 
George E. Dix & Robert O. Dawson
, 
supra
 § 39.52.