COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-148-CR
 
RICHARD MORALES CRUZ, JR.                                                        
   APPELLANT
A/K/A RICHARD MORALES CRUZ
V.
THE STATE OF TEXAS                                                                           
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant Richard Morales Cruz, Jr. pleaded guilty to possession of a controlled
substance, and he pleaded true to an enhancement paragraph. After hearing
punishment evidence, the trial court sentenced Appellant to thirteen years'
confinement. Appellant raises one point. We affirm.
       
On April 9, 2002, the trial court admonished Appellant, and Appellant then made
an open plea of guilty to possession of one to four grams of amphetamine, a
controlled substance.(2)  
Appellant waived the preparation of a PSI. The court recessed the proceedings,
released the venire panel, and later began the punishment phase.
       
The court stated, "I do accept -- the Court does accept the plea of guilty
and the plea of true by Mr. Cruz that he has entered in this case, and the Court
finds him guilty of the felony offense of possession of a controlled substance
as alleged in the indictment." When the court asked if Appellant was ready
to proceed on punishment, defense counsel asked, "We had actually -- we
wanted to leave open the possibility of deferred however remote the Court might
consider that. Is that now part of the consideration -- [?]" The court
responded, "It is under consideration at the present time." The court
then heard sentencing evidence and stated, "[T]he Court again finds you
guilty of the felony offense of possession of a controlled substance . . . . The
Court assesses your punishment at [thirteen] years in the [TDCJ-ID]."
       
In his sole point, Appellant complains that he should not have been convicted
because his plea was accepted after he received misinformation from the court.
Specifically, Appellant contends that, based on the court's original ruling, he
was not entitled to deferred adjudication. Consequently, Appellant argues that
he and his attorney were under the mistaken belief that Appellant would be
considered for deferred adjudication. Appellant claims his plea was induced by
this mistaken belief. We disagree.
       
We note that the court admonished Appellant, and he voluntarily and
unconditionally pleaded guilty before the alleged misinformation from
the court. Thus, any perceived misinformation could not have induced his plea of
guilty. Further, even though the court stated that it was finding Appellant
guilty, it had not entered a written judgment, so it could still consider
deferred adjudication. See Tex. Code Crim. Proc. Ann. art. 42.01 § 1
(Vernon Supp. 2003);(3) Id. art. 42.12
§ 5 (Vernon Supp. 2003);(4) Anderson v.
State, 937 S.W.2d 607, 609 (Tex. App.--Houston [1st Dist.] 1996,
no pet.) (holding the court had authority to grant deferred adjudication at the
sentencing hearing after the defendant's stipulation of guilt and the court's
finding of guilt during the plea hearing); Powers v. State, 727 S.W.2d
313, 316-17 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd)
("[T]he court's oral finding of guilt did not divest the court of power to
grant subsequent deferred adjudication."); see also 43A George E.
Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure
§ 39.52 (2001).(5) We hold that the court's oral
finding of guilt did not divest the court of power to consider deferred
adjudication. See Anderson, 937 S.W.2d at 609; Powers, 727
S.W.2d at 316-17. Thus, Appellant's guilty plea was not based on any
misinformation from the court.
       
We are not persuaded by Appellant's attempt to distinguish this case from Anderson
on the basis that in Anderson the plea was made and the sentence was
assessed on separate days. See Anderson, 937 S.W.2d at 608-09; see
also Powers, 727 S.W.2d at 316 (stating that punishment hearing
was held five months after the court accepted appellant's guilty plea). This is
a distinction without a difference. Moreover, here, after Appellant pleaded
guilty, he affirmatively waived the preparation of a PSI, which allowed the
court to recess the proceedings and to proceed with sentencing on the same day.
We overrule Appellant's sole point, and we affirm the trial court's judgment.
 
                                                       
   ANNE GARDNER
                                                       
   JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 5, 2003

1. See Tex. R. App. P. 47.4.
2. After both sides announced ready, the court stated,

        
 Let the record reflect prior to the jury being brought in for this case, I've
 been informed by Defense counsel that the Defendant desires to plead open to
 the Court; that is to enter a plea of guilty to the offense and to come to the
 Court for punishment.

Both Appellant and his lawyer agreed with this statement.
3. The code of criminal procedure states that "[a]
judgment is the written declaration of the court signed by the trial judge and
entered of record showing the conviction or acquittal of the defendant."
Tex. Code Crim. Proc. Ann. art. 42.01 § 1.
4. The code of criminal procedure provides:

 Except as provided by Subsection (d) of this section, when in the judge's
 opinion the best interest of society and the defendant will be served, the
 judge may, after receiving a plea of guilty or plea of nolo contendere,
 hearing the evidence, and finding that it substantiates the defendant's guilt,
 defer further proceedings without entering an adjudication of guilt, and place
 the defendant on community supervision.

Tex. Code Crim. Proc. Ann. art. 42.12 § 5.
5. Professors Dix and Dawson state, "The trial court
is empowered to receive a plea of guilty with substantiating evidence, orally
find the defendant to be guilty of the offense to which he plead guilty, recess
the proceedings for a [PSI], and at the recessed setting grant deferred
adjudication community supervision." 43A George E. Dix & Robert O.
Dawson, supra § 39.52.