

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00155-CR

_____

MAYRA SOTO GINES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 62,477-D; Honorable Don Emerson, Presiding

August 15, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Mayra Soto Gines, pled guilty in open court to possession with the intent to deliver a Penalty Group 1 controlled substance, methamphetamine, in an amount of two hundred grams or more but less than four hundred grams,[1] in a drug-free

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (WEST 2010). An offense under the section is punishable by imprisonment for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000.

zone,[2] while using or exhibiting a deadly weapon,[3] and was sentenced to fifteen years confinement. She asserts (1) her counsel was ineffective; (2) the trial court erred by including a deadly weapon finding in its judgment; and (3) there was insufficient evidence to require Appellant to pay court-appointed attorney's fees. We modify the trial court's judgment to delete the order that Appellant pay $200 in court-appointed attorney's fees and affirm as modified.

## Background

In June 2011, Appellant was indicted for knowingly possessing with the intent to deliver methamphetamine in an amount of two hundred grams or more but less than four hundred grams on or about October 7, 2010. The indictment also alleged the offense was committed in a drug-free zone and Appellant used or exhibited a deadly weapon—a firearm.

In March 2012, Appellant entered an open plea of guilty to the offense alleged in the indictment. In her *Written Plea Admonishments,* she confessed her guilt to every allegation in the indictment and the trial court found Appellant's *Judicial Confession* was true. After the parties indicated there was nothing further in the guilt/innocence proceeding, the trial court found Appellant guilty of the offense alleged in the indictment.

During the punishment proceeding, two officers testified that, on October 7, 2010, they executed a search warrant at Appellant's residence. In a safe located in

---

[2]TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (WEST SUPP. 2012). If it is shown that an offense under section 481.112(e) was committed in a drug-free zone, the minimum term of confinement is increased by five years.

[3]TEXAS PENAL CODE ANN. § 1.07(17) (WEST SUPP. 2012).

Appellant's bedroom, the officers found twelve ounces of methamphetamine and a loaded handgun. Another officer testified he found more methamphetamine in the living room. Appellant testified that, during the search, she confessed to selling drugs in a drug-free zone and a deadly weapon was in her safe. She also testified she understood the handgun next to the drugs in the safe was part of the offense. Thereafter, she asked the trial judge to place her on deferred adjudication community supervision and testified to mitigating circumstances. The trial court subsequently assessed the minimum sentence possible, fifteen years confinement, and this appeal followed.

## Discussion

Appellant asserts: (1) her counsel was ineffective because he did not assert, or present evidence on, deferred adjudication community supervision (deferred adjudication) during the guilt/innocence phase of the plea proceeding; (2) the trial court erroneously included a deadly weapon finding in the judgment because it failed to make an affirmative finding in open court; and (3) there was insufficient evidence of Appellant's ability to pay her court-appointed attorney's fees.

### Ineffective Assistance of Counsel

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by a preponderance of evidence (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability

3

that the result of the proceeding would have been different. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Counsel's conduct is viewed with great deference; *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 812.

Appellant asserts her counsel was ineffective because he did not request deferred adjudication during the guilt/innocence phase of her plea hearing even though an application for community supervision was on file and her counsel requested deferred adjudication through her testimony during the sentencing phase of the proceedings.[4] During the sentencing phase, the trial court had the authority to grant deferred adjudication even though it had made an oral finding of guilt. *See Anderson v. State,* 937 S.W.2d 607, 609 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Powers v. State,* 727 S.W.2d 313, 316-17 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). *See also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (WEST 2012). Accordingly, assuming without deciding Appellant's counsel was ineffective, we find no harm because deferred adjudication was requested during the sentencing phase—a time when the trial court had authority to withdraw its oral pronouncement of guilt and grant Appellant's request. Appellant's first issue is overruled.

---

[4]During the sentencing phase of the plea hearing, the following exchange took place between Appellant and her counsel:

> Q. Are you asking Judge Emerson to place you on probation, deferred adjudication probation?
> A. Yes, I would—I would love one more chance, you know. I—mercy, have one chance.
> Q. Well, Mayra . . . Why do you believe that you should be allowed even one chance and get deferred probation?
> A. Because I will prove that I—you'll never see me again. I—I did it—I did it because my husband got taken away and we were already two or three months behind on rent, and I didn't know, you know, how to get quick cash.

**Deadly Weapon**

Appellant next contends the trial court erred by incorporating a deadly weapon finding in its judgment because it did not make an affirmative deadly weapon finding at sentencing. We disagree.

A trial court is not required to orally announce a deadly-weapon finding at sentencing and may include such a finding in its written judgment "if the allegation of use of a deadly weapon is clear from the face of the indictment." *Ex parte Huskins,* 176 S.W.3d 818, 820-21 (Tex.Crim.App. 2005). Here, the indictment clearly stated Appellant was alleged to have used or exhibited a deadly weapon in the commission of the offense, two officers testified at the hearing to the presence of a deadly weapon in the bedroom safe, photographs of the handgun were admitted at the hearing, and Appellant testified to the presence of the deadly weapon in the bedroom safe containing drugs. Appellant's second issue is overruled.

**Court-Appointed Attorney's Fees**

The written judgment in this case reflects an assessment of court-appointed attorney's fees totaling $200 as court costs. In order to assess court-appointed attorney's fees as court costs, a trial court must determine that the defendant has financial resources sufficient to offset in part, or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST 2009). In that regard, the record must reflect some factual basis to support the determination that the defendant is capable of paying court-appointed attorney's fees. *See Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd). *See also Barrera v. State,* 291 S.W.3d

515, 518 (Tex.App.—Amarillo 2009, no pet.); *Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.). We note the record does not contain a pronouncement, determination, or finding that Appellant had financial resources sufficient for her to pay all, or any part of, the fees paid her court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude, and the State candidly confesses as much, that the order to pay court-appointed attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay court-appointed attorney's fees, the proper remedy is to delete the order from the judgment. *Id.* at 557. *See Anderson v. State,* No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App.—Austin July 1, 2010, no pet.) (mem. op., not designated for publication). Accordingly, Appellant's third issue is sustained and we modify the judgment to delete the order to pay $200 in court-appointed attorney's fees as court costs.

## Conclusion

We modify the trial court's judgment to delete the order to pay $200 in court-appointed attorney's fees and affirm as modified.

Patrick A. Pirtle
Justice

Do not publish.