# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00737-CR

**Malcolm Ali Pulliam, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 66667, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Malcolm Ali Pulliam pled guilty and executed a written judicial confession to the offense of aggravated sexual assault. The trial court found Pulliam guilty as charged and assessed punishment at eighteen years in prison.

Pulliam's court-appointed attorney filed a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Pulliam received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief.

Pulliam filed his pro se brief contending in four points of error that he received ineffective assistance of counsel. We will briefly explain why Pulliam's contentions lack arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

In his first two points, Pulliam notes that "a plea of guilt is not knowingly [*sic*] and voluntary if it is made as the result of ineffective counsel" and that the "failure of [an] attorney to review laws and facts of [a] case amounts to ineffective assistance." A defendant who challenges the voluntariness of his plea based on ineffective assistance of counsel must demonstrate that counsel's actions fell below the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's errors, the defendant would have declined the plea bargain and would have insisted on proceeding to trial. *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). This record does not reveal what Pulliam's trial counsel advised Pulliam concerning his eligibility for probation, nor does it reveal that Pulliam pled guilty and chose to go before the court for punishment based on his attorney's erroneous advice about probation eligibility. We do not presume that a guilty plea was involuntary because it resulted from counsel's ineffective assistance, premised on bad advice regarding probation eligibility, where such allegations are not well-founded in the record. *Spencer v. State*, 666 S.W.2d 578, 580 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).[1] Pulliam did not file a motion for new trial to provide evidentiary support for his claims of ineffective assistance of counsel that were not based on this record.

---

[1] We note that Pulliam might have been eligible for deferred adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(a), (d)(2) (West Supp. 2010).

Further, Pulliam's contention that his plea of guilt was not knowing or voluntary is contradicted by this record, which shows that Pulliam was advised of the charge against him, was informed of the possible punishment range, discussed the facts of the charged offense with his attorney, and was satisfied with the investigation and his legal representation. The Texas Code of Criminal Procedure requires the trial court to admonish a defendant before accepting a guilty plea in a felony case. Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2010). A trial court's substantial compliance with article 26.13(a) creates a presumption that the defendant's guilty plea was entered knowingly and voluntarily. *See Delatorre v. State*, 957 S.W.2d 145, 150-51 (Tex. App.—Austin 1997, pet. ref'd) ("Once substantial compliance [with article 26.13(a)] is found, the burden shifts to the defendant to affirmatively show that he entered his plea without understanding the consequences of his action and that he suffered harm."). The record of Pulliam's October 7, 2010 plea of guilt shows that the court admonished him as follows:

THE COURT: Mr. Pulliam, you're charged with sexual relations with a female under the age of 14. That is a first-degree felony in Texas, and for that type of offense your punishment could be anywhere between 5 years and 99 years or life and up to a possibility of a $10,000 fine. You understand the range of punishment for that offense?

[Pulliam]: Yes, sir.

. . . .

THE COURT: You have signed a waiver that says you do not want a jury, you do not want witnesses, you want to plead "guilty" and make a confession. Is that correct?

[Pulliam]: Yes, sir.

3

. . . .

THE COURT:      I'll accept your waivers of your rights.  How do you plead on this offense, guilty or not guilty?

[Pulliam]:       Guilty, Your Honor.

THE COURT:      Are you pleading "guilty" freely and voluntarily?

[Pulliam]:       Yes, sir.

THE COURT:      Has anybody forced you or threatened you to try to make you plead "guilty"?

[Pulliam]:       No, sir.

THE COURT:      Has anybody promised you anything to try to get you to plead guilty?

[Pulliam]:       No, sir.

THE COURT:      Are you pleading "guilty" just because you are guilty?

[Pulliam]:       Yes, sir.

. . . .

THE COURT:      Okay.  I'll accept your plea of "guilty," Mr. Pulliam.

The record of closing argument at Pulliam's punishment hearing—two weeks after Pulliam made his plea of guilt and received his admonishment from the court on the applicable punishment range—indicates that defense counsel requested probation at Pulliam's request:

[Defense counsel]:      "So I'm asking the court to consider probation in the sense that if he's in prison, he can't contribute to the support of this child or anything else. . . . Mr. Pulliam is asking that I request that and requesting that I ask the court to allow him an

4

opportunity to prove he can be a decent human being and do the right thing and take care of his family."

The clerk's record also contains a written "Waiver of Jury and Agreement To Stipulate Upon A Plea Of Guilty" that Pulliam signed, summarized below, stating that he:

- was charged with the felony offense of aggravated sexual assault;

- understood the elements of that offense as alleged in the indictment and the consequences of a plea of guilty including the maximum and minimum punishment provided by law;

- was mentally competent;

- had discussed the facts of the offense or offenses charged against him with his attorney;

- was satisfied with the investigation of the facts and the representation provided by his attorney; and

- decided to enter a plea of guilty before the court as his free and voluntary decision made with knowledge of the facts of the case for and against him and represented his free choice between the courses of action available to him.

Given this record—in which Pulliam acknowledged that he understood the offense with which he was charged, the punishment range for that offense, and that he was satisfied with his attorney's representation—Pulliam's contention that his plea of guilt was not knowing or voluntary lacks arguable merit. *See Niswanger*, 335 S.W.3d at 616.

In his third and fourth points, Pulliam states generally that "trial counsel's failure to conduct pretrial investigation and interview witnesses constituted ineffective assistance of counsel" and that the "failure of attorney on appeal, to master the trial record, thoroughly research the law,

and exercise judgment in identifying the arguments that may be advanced on appeal, is ineffective assistance of counsel." Pulliam points out that there is no reference in the record to counsel conducting any pretrial investigation or interviewing any witnesses and that there was no preparation of a defense. Thus, the record does not affirmatively demonstrate that his trial counsel failed to investigate the facts of the underlying case. Nor is there anything in the record to support Pulliam's argument that appellate counsel's brief did not identify trial counsel's errors. Assertions of fact that are outside the record cannot support a claim of counsel's ineffective assistance; such assertions must be firmly founded in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). As previously noted, no motion for new trial was filed. Thus, these contentions also lack arguable merit.

Pulliam also complains generally, with reference to the punishment hearing, that a victim statement read by the court was not entered into the record and that there was no proof of the victim's "alleged pregnancy" or the "penetration alleged in the indictment." However, proof of the offense was not required at the punishment hearing, which was held two weeks after the court accepted Pulliam's guilty plea to the offense.[2] The victim's statement, as Pulliam notes, is not in the

_____

[2] There is some evidence of the offense to which Pulliam confessed, including an affidavit for arrest from Officer Noreen Faes of Killeen Police Department, which states:

> On July 12, 2010, I met with D.M., date of birth [13 years old], and she reported that she is pregnant by her mother's boyfriend, Malcolm Ali Pulliam. She said that around April 15, 2010, Pulliam came into her room at the residence that they share in Killeen, Bell County, Texas. He woke her up and had sexual intercourse with her while the rest of the family was asleep. She reported that a few weeks later her mom took her to the doctor where it was confirmed that she is pregnant. She said that she had not had sex with anyone else. L.L., D.[M.]'s mother, gave a statement and said that she noticed that Pulliam acted in a sexual manner with D.[M.], but did not realize what was going on.

record, and Pulliam does not suggest that it would be exculpatory in nature. Accordingly, neither of these complaints have arguable merit.

Having considered the record, counsel's brief, and Pulliam's pro se brief, we agree with counsel that the appeal is frivolous and without merit. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. We have reviewed the evidence presented to the jury at trial and find nothing in the record that might arguably support the appeal. We conclude that the appeal is frivolous, grant counsel's motion to withdraw, and affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 26, 2011

Do Not Publish