

# NUMBER 13-12-00159-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CALVIN TILLMAN,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Calvin Tillman appeals his conviction for robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). The trial court found appellant guilty and, upon finding two enhancements to be true, assessed his punishment at thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division. By one issue, appellant contends he received ineffective assistance of counsel because

defense counsel allegedly misinformed appellant that he was a candidate for deferred adjudication, notwithstanding appellant's plea of not guilty.   We affirm.

## I.   BACKGROUND[1]

At a pretrial hearing, appellant confirmed that he wanted to waive his right to a jury trial, affirming to the trial court that he understood his constitutional right to a trial by jury, that the trial court would determine the verdict and whether the alleged enhancements were true, and that the range of punishment for the charged offense was twenty-five years to life.   Trial counsel also asked appellant, "Do you also know that, however, the Judge does have the ability to give you deferred adjudication?   Do you understand that?" Appellant responded, "Yes, sir."

At the beginning of the sentencing phase, which began the day after the trial court's oral pronouncement of guilt, appellant's counsel asked for the trial court to consider granting appellant deferred adjudication.   The State contended that because the trial court already found appellant guilty, "he's no longer eligible for probation."   The trial court responded, "[o]bviously, if I've already found him guilty, I'm not going to give him deferred adjudication."   The court added, however, "I think that I do have the authority to change my mind, but I'm not going to make that decision until we're done today."

During defense counsel's opening and closing statements at sentencing, he re-urged his request that the trial court place appellant on deferred adjudication. Appellant, however, did not withdraw his "not guilty" plea, but rather maintained his

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

innocence even through his testimony during sentencing.  The trial court, by its sentence, impliedly overruled appellant's request.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By one issue, appellant asserts he received ineffective assistance of counsel because his trial counsel allegedly misinformed him that he was eligible for deferred adjudication, even if he pleaded not guilty.   Appellant claims that the record shows "that defendant's only reason to waive his right to a jury trial was that he mistakenly thought he was eligible for deferred adjudication . . . ."   No motion for new trial or any other post-judgment motion was filed or considered.

Our review of counsel's performance is highly deferential, and we make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance.  *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)); *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd).   To overcome that presumption, appellant must satisfy the two prongs established by *Strickland v. Washington*:   appellant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Lopez*, 343 S.W.3d at 142 (citing *Strickland v. Washington*, 466 U.S. 688, 689 (1984)); *see Moreno*, 1 S.W.3d at 864.   The record must contain evidence of counsel's reasoning, or lack thereof, to rebut that presumption.   *Moreno*, 1 S.W.3d at 865 (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)); *see Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (en banc) ("If counsel's reasons for his conduct

3

do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal."). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143 (citing *Garcia v. State*, 57 .S.W.3d 436, 440 (Tex. Crim. App. 2001)).[2]

Although appellant contends his trial counsel misinformed him about his eligibility for deferred adjudication, we are not privy to what information his trial counsel told him, and appellant's assertion requires us to impermissibly speculate about non-divulged communications. *See Moreno*, 1 S.W.3d at 865; *Powers v. State*, 727 S.W.2d 313, 315–16 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (overruling defendant's ineffective-assistance claim because "this court can only speculate as to the advice appellant was given and the assumptions he made."); *Spencer v. State*, 666 S.W.2d 578, 580–81 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) ("We decline to hold that the guilty plea was involuntary because it resulted from ineffective assistance of counsel, specifically, bad advice regarding eligibility for probation, where such allegations are not well-founded in the record and are based solely on speculation . . . .").

Appellant failed to provide a record sufficient to rebut the presumption that his trial counsel's performance constituted reasonably professional assistance or to show how the trial outcome would have been different but for counsel's allegedly deficient

---

[2] "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *accord Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

4

performance.  *See Lopez*, 343 S.W.3d at 142; *Moreno*, 1 S.W.3d at 865.  We overrule appellant's issue.

## III. CONCLUSION

We affirm the trial court's judgment.


GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2013.